SCHWARTZ, Senior Judge
(specially concurring).
I agree to affirmance but only because the appellee had surrendered complete control of the ramp to the airport and thus no longer had a duty to maintain it properly or to safeguard surrounding aircraft from its possible dangers. As the court correctly states, no such obligation arises from the mere ownership of a non-dangerous instrumentality.[2]

. I do not agree, however, with the trial judge that the fact that the wind arose suddenly and was unusually powerful for the season, rendered it an intervening “Act of God” which was the sole legal cause of the accident. Because one of the very purposes of properly securing the ramp was to prevent its being moved by any wind — and the fact is that the plane, which was properly moored, did not move, but the ramp, which wasn't, did — I believe that foreseeability and legal causation were jury questions. The controlling rule to this effect is stated in K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283, 286 (Fla. 3d DCA 1983): “[A] tortfeasor need not be able to foresee — as it is necessarily impossible to foresee — the exact concatenation of events which has in fact ended in damage to another. It is required only that the general ‘type of result,' which has occurred fall within the scope of the danger or “risk” created by the negligent act in question." (citations omitted) (emphasis added). See Smith v. Grove Apartments, LLC, 976 So.2d 582, 587-88 (Fla. 3d DCA 2007).